**TEK LIE KWEE, Petitioner,**

**v.**

**IMMIGRATION AND**

respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

NATURALIZATION SERVICE,[1]
Respondent.

No. 03–4240–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2005.

Theodore N. Cox, New York, NY, for Petitioner.

Julie A. Arbuckle, Assistant United States Attorney for the Northern District of California, San Francisco, CA, for Respondent.

PRESENT: WALKER, Chief Judge, POOLER, and B.D. PARKER, Circuit Judges.

Petitioner Tek Lie Kwee ("Kwee") petitions for review from the final order of removal by the BIA affirming the decision of the Immigration Judge ("IJ") and denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA issues a short opinion that primarily recounts the IJ's decision, this Court may review the IJ's decision rather than the BIA's. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir. 2003). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand

if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." Id. at 307 (quoting Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000)). The IJ's administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir. 2004).

The IJ made numerous remarks about whether the evidence presented by Kwee was credible or worthy of belief. However, the IJ never made an explicit credibility finding as required in Diallo. The IJ also found that Kwee offered no evidence to prove that he was Chinese or Christian, including his failure to offer the identification card discussed in his application for asylum. The IJ also took issue with Kwee's failure to submit affidavits from his family verifying his ethnicity and religion. The IJ also determined that Kwee had failed to draw a connection between his persecution and racial unrest in Indonesia. The IJ further stated that Kwee's asylum claim was dubious because he had left Indonesia and voluntarily returned several times. The IJ also found it "laughable and absolutely patently ridiculous" that Kwee's parents were too old to leave Indonesia where his mother was fifty, and his father sixty-two.

Under Diallo, the IJ and the BIA are required to make an explicit credibility finding. See Diallo, 232 F.3d at 284. In this case, the lack of a credibility finding undermines the BIA's determination that Kwee failed to show a causal connection between his ethnicity or religion, and the

---

1. On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the Department of Homeland Security. See Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135, as amended by Pub.L. No. 108–7, § 105, 117 Stat. 11, 531 (2003); Duamutef v. INS, 386 F.3d 172, 174 n. 1 (2d Cir.2004). For clarity of reference, and because the agency was still the INS for much of the time pertinent to this case, we will refer to it as such throughout this memo.

persecution he alleged, because Kwee's support for his allegations was largely based on his testimony. Kwee testified on his ethnicity, religion, and that he believed all of the violence and persecution committed against him by the Indonesians was due to his race and ethnicity. If his testimony were found to be credible, he presented enough evidence to support his asylum and withholding of removal claims. Accordingly, we grant Kwee's petition and remand to the BIA for further proceedings consistent with this order.